Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO EN SUSTITUCIÓN DE POPULAR AUTO, LLC<br>Recurrido<br><br>v.<br><br>LA SUC. DE JAIME FERRER ORTIZ, COMPUESTA POR SU VIUDA NYDIA FONTANEZ ORTIZ, SUS HIJOS JAIME FERRER FONTANEZ, ALBA NYDIA FERRER FONTANEZ Y SUS NIETOS SANDRA ANGELIE MEJIAS FERRER, RAYMOND YAMIL MEJIAS FERRER Y MARY DOE, JOHN DOE Y RICHARD DOE COMO POSIBLES HEREDEROS DESCONOCIDOS<br>Peticionarios | TA2025CE00844 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2024CV02579<br><br>Sobre:<br>Cobro de dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2026.

Comparecen la señora Nydia Fontánez Ortiz y Jaime Ferrer Ortiz (los peticionarios), miembros de sucesión de Jaime Ferrer Ortiz, mediante recurso de *certiorari,* solicitando que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 5 de noviembre de 2025. A través de su dictamen, el foro primario declaró *No Ha Lugar* una *Moción en Oposición a Ejecución de Sentencia por Notificación Tardía del Edicto* y otra *Moción* de igual naturaleza presentada por los peticionarios.

Examinados los planteamientos alzados por las partes, particularmente el tracto procesal según resaltaremos a continuación, procede expedir el auto solicitado y revocar.

## I. Resumen del tracto procesal

El asunto ante nuestra consideración inició el 22 de julio de 2024, con la presentación de una *Demanda* por Popular Auto, LLC (Popular Auto),

en contra de la sucesión de Jaime Ferrer Ortiz, por cobro de dinero y reposición de bienes muebles, aduciéndose incumplimiento de contrato. En lo específico, Popular Auto afirmó ser tenedor de un *Contrato de Financiamiento de Vehículo y Pagaré* (Contrato) número 822-001-1514326-0001, sobre el vehículo de motor marca BMW, modelo 328I del Año 2009, Tablilla HLF380 y VIN WBAWB33529P137097. Igualmente, aseveró que el señor Ferrer Ortiz había incumplido con los términos del *Contrato*, por lo que adeudaba la suma de treinta y nueve mil novecientos cuarenta y dos dólares con noventa y tres centavos ($39,942.93), intereses a razón del 10.250000% anual a partir del 7 de febrero de 2024 y la suma de mil novecientos noventa y siete dólares con quince centavos ($1,997.15) por concepto de costas, gastos y honorarios, según se había pactado. Como remedio se solicitó al Tribunal que ordenara el pago de lo debido y la reposesión del vehículo.

Entonces, luego de que los miembros de la referida sucesión fueran emplazados mediante edicto, y ante la incomparecencia de estos a los procesos judiciales, el TPI acogió una petición de Popular Auto para que se les anotara la rebeldía. Posteriormente, el foro primario también acogió la petición de Popular Auto para que se emitiera *Sentencia* conforme a lo alegado, de modo que, el 3 de abril de 2025, fue dictada *Sentencia Final*. En rigor, mediante dicho dictamen el foro *a quo* declaró Ha Lugar la *Demanda* instada por Popular Auto, por lo que ordenó a los demandados a pagar la totalidad de la suma adeudada, junto a la reposesión del vehículo.

En desacuerdo, el 23 de junio de 2025, los peticionarios acudieron ante este Tribunal de Apelaciones mediante recurso de apelación, que fue identificado bajo el alfanumérico TA2025AP00044.[1]

Pese a la presentación de dicho recurso de apelación el 23 de junio de 2025, el Banco Popular de Puerto Rico (BPPR o recurrida) instó ante el

---

[1] Entrada Núm. 39 de SUMAC.

TPI una *Moción solicitando sustitución de parte* el 25 de junio de 2025,[2] es decir, dos días después de que se presentara el recurso de apelación. En síntesis, adujo que, efectivo el 1 de mayo de 2025, Popular Auto, LLC, se fusionó con su compañía matriz Banco Popular de Puerto Rico ("BPPR"), siendo ahora Popular Auto, LLC una división del BPPR. Añadió que, como resultado de la fusión, los derechos de Popular Auto, LLC sobre el Contrato objeto del litigio se transfirieron a BPPR sin reserva alguna, quedando este último subrogado en todos los derechos frente a la parte demandada en este caso, y de aquí la solicitud de sustitución.

En correspondencia, el TPI emitió una *Orden autorizando la sustitución de parte,* a pesar de que debía entender como paralizados los procesos ante sí por causa de la presentación del recurso de apelación ante este foro intermedio.

En cualquier caso, y retornando al recurso de apelación bajo el alfanumérico TA2025AP00044, luego de este Tribunal de Apelaciones haber examinado el expediente, determinó que, tras una búsqueda en SUMAC, carecía de documentación que sirviera para comprobar si se les notificó a los demandados la sentencia, mediante correo certificado con acuse de recibo a su última dirección, ni copia del aviso de notificación de la sentencia publicado. Añadimos, en lo pertinente que, **"al no haber concurrido la notificación adecuada de la Sentencia Final en controversia, <u>resolvemos que los términos que de la misma dimanan, no han comenzado a transcurrir"</u>**, y, **"hasta tanto no se cumpla con la publicación del dictamen con controversia, <u>el mismo no está sujeto a trámite ulterior"</u>**.[3] (Énfasis y subrayado provistos). Como resultado, mediante *Sentencia* de 18 de julio de 2025, decidimos desestimar el recurso, por falta de jurisdicción, al juzgar que su presentación fue prematura.

---

[2] Entrada Núm. 40 de SUMAC.
[3] Sentencia del TA, de 18 de julio de 2025, TA2025AP00044, Entrada Núm. 4 de SUMAC, págs. 7 y 8.

Entonces, el **25 de septiembre de 2025**, BPPR presentó una *Solicitud de Ejecución de Sentencia* ante el TPI.

Sin embargo, el foro primario, **de manera acertada**, la declaró No Ha Lugar en ese momento, **por carecer de jurisdicción al momento en que se presentó**, pues recibió el *Mandato* de este Tribunal de Apelaciones el **26 de septiembre de 2025**.[4] Es decir, el TPI correctamente interpretó que recuperó su jurisdicción para actuar en este caso a partir del 26 de septiembre de 2025, fecha del recibo del *Mandato*.

A pesar de que, por lo explicado, el foro primario no acogió la *Solicitud de Ejecución de Sentencia* instada por el BPPR, el 15 de octubre de 2025, la aquí peticionaria, señora Fontánez Ortiz, instó ante el TPI una *Moción en Oposición a Ejecución de Sentencia por Notificación Tardía del Edicto*. Adujo que, aunque el BPPR alegadamente publicó el edicto dentro del término reglamentario, no informó al tribunal sobre dicha publicación, sino hasta casi cinco (5) meses después de publicado, lo cual constituía una notificación extemporánea que afectaba la validez del procedimiento. Añadió, que dicha omisión impidió que se perfeccionara la notificación conforme a derecho y, por tanto, no podía considerarse que la sentencia adviniera final y firme, ni procederse con su ejecución, afectando tal dilación injustificada el debido proceso de ley. Por tanto, solicitó como remedios: que se declarase que la sentencia no había sido perfeccionada conforme a derecho; que se rechazara cualquier intento de ejecución de sentencia hasta tanto se cumplieran con los requisitos procesales.[5]

Al próximo día, el peticionario Ferrer Fontánez también instó ante el TPI una *Moción en oposición a ejecución de sentencia por notificación tardía*, con argumentación análoga a la contenida en la moción descrita en el párrafo que precede.

---

[4] Entrada Núm. 45 de SUMAC.
[5] Entrada Núm. 47 de SUMAC.

En respuesta, el BPPR presentó una *Réplica a la "Moción en Oposición a Ejecución de Sentencia por Notificación Tardía del Edicto"*. Afirmó que: la publicación de los edictos se realizó dentro del término de diez (10) días contados a partir de la notificación de la sentencia, según surge acreditada en la Entrada Núm. 44 de SUMAC, donde consta la publicación efectuada en el periódico Primera Hora el 9 de abril de 2025, junto a afidávit jurada; la sentencia fue notificada por correo certificado con acuse de recibo a las últimas direcciones conocidas de los codemandados, obrando los comprobantes postales y acuses de recibo en auto. Además, en cuanto al señalamiento de que la omisión de Popular Auto de informar al tribunal sobre la publicación del edicto durante casi cinco meses resultaba extemporánea, con la consecuencia de que la sentencia no se reputara como final y firme, aseveró que el acto de notificación por edicto se perfeccionó con la publicación dentro del término dispuesto, lo que aquí fue cumplido, siendo la presentación del comprobante o afidávit un trámite posterior que no afectaba la validez de dicha notificación. Sobre nuestra Sentencia de 18 de julio de 2025, esgrimió que; **"dicha resolución apelativa no anuló la sentencia de instancia ni ordenó su nueva notificación, sino que se limitó a declarar la falta de jurisdicción del foro apelativo. En consecuencia, la sentencia del 3 de abril de 2025 adquirió firmeza, lo que faculta a BPPR a ejecutar el fallo conforme a derecho"**.[6] (Énfasis provisto).

Finalmente, examinados los argumentos de las partes, el TPI declaró No Ha Lugar ambas mociones presentadas por los aquí peticionarios, a través de sendas resoluciones[7], pero Ha Lugar la *Solicitud de Ejecución de Sentencia* presentada por el BPPR en otra resolución.[8] Sobre esta última resolución el foro primario advirtió que emitiría Orden por separado.

---

[6] Entrada Núm. 49 de SUMAC.

[7] Entradas en SUMAC Núms. 50 y 51, respectivamente.

[8] Entrada en SUMAC Núm. 52.

En efecto, al próximo día, 6 de noviembre de 2025, el TPI emitió la Orden anunciada, declarando Con Lugar el *Escrito Solicitando Ejecución de Sentencia.*[9]

Insatisfechos, los peticionarios acuden una vez más ante nosotros, esta vez mediante recurso de *certiorari,* referente a lo determinado por el foro recurrido en las *Resoluciones* de 5 de noviembre de 2025. En específico, afirman que incidió el foro primario al así decidir, cometiendo los siguientes errores:

> **PRIMER ERROR:** Erró el Honorable TPI al declarar "NO HA LUGAR" a la solicitud EN OPOSICIÓN A EJECUCIÓN DE SENTENCIA POR NOTIFICACIÓN TARDÍA DEL EDICTO" y autorizar que continuaran los asuntos post sentencia en este caso.

> **SEGUNDO ERROR:** Erró el Honorable TPI al declarar "HA LUGAR" a la solicitud DE EJECUCIÓN DE SENTENCIA **sin haber notificado en derecho la Sentencia luego de haber recibido el Mandato de este Honorable Tribunal declarando que no había jurisdicción en el recurso de Apelación** por que la parte demandante no había notificado en derecho a los demandados, por lo que continuamos con una Sentencia defectuosa porque una vez recibido el Mandato y habiendo alegadamente notificado adecuadamente a los demandados **NO se otorgó el termino de (30) días para apelar nuevamente la Sentencia**. (Énfasis provisto).

Luego de que ordenáramos la paralización de los procesos en el TPI, hasta que finalizáramos la consideración del recurso pendiente, concedimos término a la parte recurrida para que compareciera. En efecto, el BPPR instó ante nosotros *Oposición al Recurso de Certiorari.*

Estamos en posición de decidir.

**II. Exposición de Derecho**

a.

El inciso (a) de la Regla 52.3 de Procedimiento Civil y la Regla 18 de nuestro reglamento establece que la presentación de un recurso de apelación ante nosotros tiene el efecto de suspender, *todos los procedimientos en los tribunales inferiores respecto a la sentencia o parte de ésta de la cual se apela, o las cuestiones comprendidas en ella, salvo orden*

---

[9] Entrada 53 de SUMAC.

*en contrario, expedida por iniciativa propia o a solicitud de parte por el tribunal de apelación.* 32 LPRA Ap. V R. 52.3; 32 LPRA Ap. V. 4 LPRA Ap. XXII-B R. 18. Aun así, el Tribunal de Primera Instancia podrá continuar con cualquier otra cuestión no comprendida en el recurso de apelación. *Id.*

Para poder determinar la jurisdicción referente a los procesos apelativos judiciales, nuestro Tribunal Supremo ha examinado la figura del mandato. El mandato *es el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre una sentencia objeto de revisión y ordenarle actuar de conformidad con la misma. Colón y Otros v. Frito Lays*, 186 DPR 135, 151 (2012). Una vez *el tribunal en alzada emite su determinación, y la misma adviene final y firme, se enviará el mandato correspondiente al foro recurrido. Id.*

Según esbozado, en la Regla 84 (e) del Reglamento del Tribunal de Apelaciones, el mandato solo se podrá remitir transcurridos 10 días de haber advenido final y firme la decisión de este Tribunal. 4 LPRA Ap. XXII-B R. 84. Aquí reside la importancia de determinar cuándo la Secretaría del Tribunal Apelativo remite el mandato al Foro Inferior, puesto que es a partir de dicha notificación que el caso se considera final para efectos del tribunal de mayor jerarquía y se entiende que pierde la jurisdicción, recuperándola el TPI. Dicho de otro modo, se considera que para poder continuar con los procedimientos y ejecutar los dictámenes de la sentencia en alzada el tribunal de inferior jerarquía debe esperar a recibir el mandato del tribunal revisor. *Id. Mejías et al. v. Carrasquillo et.al,* 185 DPR 288 (2012). Es una vez que recibe el mandato que readquiere la jurisdicción del caso. *Id.*

Abundando, nuestro más alto foro enfatizó en *Colón y otros v. Frito Lay,* supra, que:

> [l]uego de paralizados los procedimientos en el foro de origen, éste pierde su facultad para atender las controversias planteadas en alzada **y no vuelve a adquirir jurisdicción**

**sobre ellas hasta tanto el tribunal revisor le remite el mandato correspondiente**. Lo anterior tiene el efecto ineludible de que toda actuación realizada por el foro revisado, luego de que los asuntos han quedado paralizados y previo a recibir el mandato, **será completamente nula.** *Id.*, en la pág. 154. (Énfasis suplido).

Como resultado, el foro *a quo* debe aguardar hasta el recibo del mandato para poder entonces readquirir jurisdicción y proseguir el caso de conformidad con los términos de la sentencia emitida por el Tribunal de Apelaciones. Cualquier determinación previa al recibo del mandato es nula, ante la carencia de jurisdicción para actuar.

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra*,* págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 40 de nuestro Reglamento[10], 4 LPRA Ap. XXII-B, dictamina las pautas que justifican nuestra intervención con una determinación post sentencia. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

## III. Aplicación del Derecho a los Hechos

La consideración del segundo señalamiento de error dispone del asunto, por lo que nos limitaremos a su discusión.

La contención principal de los peticionarios acerca del segundo error señalado se resume en el siguiente argumento, que, emitida por este Tribunal de Apelaciones la Sentencia de 18 de julio de 2025, y ya contando con el Mandato, el TPI **no** procedió a dictar una nueva sentencia conforme a los términos discutidos en el dictamen de este foro intermedio, sino que decidió continuar el proceso de ejecución de ejecución de sentencia. Por

---

[10]   A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
  B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
  C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
  D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
  E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
  F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
  G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

tanto, aseveran, a través de dicho curso decisorio el foro recurrido les privó de acudir nuevamente a este Tribunal de Apelaciones sobre la sentencia original.

En torno a tal asunto, es de ver que, en su *Réplica a la moción en oposición a ejecución de sentencia por notificación tardía de edicto*, el BPPR afirmó que nuestra Sentencia de 18 de julio de 2025, "no anuló la sentencia de instancia ni ordenó su nueva notificación, sino que se limitó a declarar la falta de jurisdicción del foro apelativo. En consecuencia, la sentencia del 3 de abril de 2025 **adquirió firmeza**, lo que faculta a BPPR a ejecutar el fallo conforme a derecho".[11] (Énfasis provisto). Además, en su *Oposición al recurso de certiorari* arguyó que, "mediante el presente recurso de *certiorari* los peticionarios pretenden impugnar no solo la ejecución, sino también la sentencia original, la anotación de rebeldía, todos asuntos que ya habían sido adjudicados por el Tribunal de Primera Instancia y respecto de los cuales los términos apelativos habían transcurrido".[12] No tiene razón.

En nuestra Sentencia de 18 de julio de 2025 fuimos muy claros al plasmar que "al no haber concurrido la notificación adecuada de la Sentencia Final en controversia, resolvemos que **los términos que de la misma dimanan, no han comenzado a transcurrir**", y, **"hasta tanto no se cumpla con la publicación del dictamen con controversia, el mismo no está sujeto a trámite ulterior"**.[13] (Énfasis y subrayado provistos). Sépase que en dicha Sentencia expresamente establecimos que los fundamentos del dictamen deberían tenerse como parte dispositiva. Es decir, nuestra manifestación subrayada en este párrafo debía considerarse como parte dispositiva.

---

[11] Entrada Núm. 49 de SUMAC.
[12] Oposición al recurso de *certiorari*, pág. 5.
[13] Sentencia del TA, de 18 de julio de 2025, TA2025AP00044, Entrada Núm. 4 de SUMAC, págs. 7 y 8.

Muy contrario a lo afirmado por el BPPR, la Sentencia emitida el 3 de abril de 2025 **no había tornado firme** al momento en que el TPI recobró su jurisdicción, cuando se le notificó el Mandato el 26 de septiembre de 2025. Esto porque expresamente indicamos que quedaba una controversia pendiente cuya dilucidación primaba y determinaría cuándo iniciaría el término para presentar apelación. En este sentido, precisaba que el TPI notificara nuevamente una Sentencia en la que dispusiera del asunto discutido en nuestro dictamen. El tracto procesal pone de manifiesto que ello nunca sucedió, sino que el TPI optó por continuar *trámites ulteriores* a la Sentencia, ordenando la ejecución de una sentencia que no había advenido final y firme.[14] De esta manera el foro primario dispuso del reiterado señalamiento de los peticionarios sobre el alegado incumplimiento con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, como si fuera un asunto postsentencia, sin atender nuestros señalamientos contenidos en la Sentencia de 18 de julio de 2025. Esta es la razón precisa por la cual los peticionarios aciertan al esgrimir que, ante la falta de un dictamen final del TPI, se les privó el derecho de acudir ante nosotros sobre lo que se decidiera.

Entonces, con el propósito de no dilatar más los procesos, y aportar claridad, determinamos que, en cuanto el TPI reciba el Mandato referente a la Sentencia que hoy emitimos, deberá considerar la prueba documental de la cual disponga en el expediente, junto a los argumentos de las partes, sobre si el BPPR cumplió con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, dando respuesta a los asuntos que advertimos en nuestra Sentencia de 18 de julio de 2025. Entonces emitirá y notificará nuevamente una Sentencia, de la cual la parte afectada podrá presentar apelación ante nosotros, de así decidirlo.

---

[14] Nótese, además, que el TPI ordenó la ejecución de la sentencia, sin tener propiamente una moción del BPPR al respecto, por cuanto ya había denegado dicha petición al haberse presentado de manera prematura, antes de recibido el Mandato.

Advertimos que **no** estamos prejuzgando de manera alguna la determinación en sobre los méritos sobre el cumplimiento con la regla procesal planteado, ello tocará al TPI.

**IV. Parte dispositiva**

Por los fundamentos expuestos, que hacemos formar parte de este dictamen, expedimos al auto de *certiorari* y revocamos la *Orden* recurrida.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones